# Eastern Kentucky Telephone and Telegraph Co. v. Hardwick, et al.

(Decided February 14, 1911.)

## Appeal from Powell Circuit Court.

Contracts—Remedies for Breach Of.—Where a contract stipulated that the persons who furnished to a telephone company money to build a telephone line, were to be repaid the money advanced out of the receipts for the service, upon the failure of the company to keep its lines in good order or to deliver the receipts, the persons furnishing the money had the right to bring a suit for the full amount of their debt, and enforce the lien upon the property given them by the contract.

JOHN D. ATKINSON and HENRY WATSON for appellant.

C. F. SPENCER and R. L. GREENE for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

This is the second appeal of this case. The opinion on the former appeal may be found in 106 S. W., 307.

As stated in that opinion, in March, 1906, the appellees furnished the money to construct the telephone lines under an agreement that they were to receive the receipts of the company until the money advanced by them was repaid.  In February, 1907, Hardwick and Fuller brought suit against the company to recover the money they had advanced, on the ground that the company had failed to properly maintain the telephone lines and had permitted them to get out of repair to such an extent as to destroy the value of the telephones, with the result that Hardwick and Fuller could not collect their money out of the receipts.  An issue was made upon the question as to whether or not the company had exercised ordinary care to keep its telephones and lines in good order, and upon a trial a judgment was rendered in favor of Hardwick and Fuller for the amount claimed. In reversing the case the court proceeded upon the theory that as Hardwick and Fuller had agreed to look to the receipts of the company for the payment of their debt, they were only entitled to recover in that action the amount they had been damaged by the failure of the company to keep its lines and telephones in such condition as that the receipts would be of some value, and said:

"The company was bound to Hardwick and Fuller, to use ordinary care to keep and maintain its telephones and lines in order; and if it failed to exercise such care, it is liable to Hardwick and Fuller for the damages they thereby sustained.  The measure of damages is the amount that the rents were reduced by reason of the negligence of the company.  As this will necessitate an accounting with each customer the case should be transferred to equity and referred to the commissioner to ascertain what reductions the several customers were entitled to under the principles we have indicated; and judgment should be rendered against the company in favor of Hardwick and Fuller for the amount of the deductions.  But no deduction will be allowed except where the company failed to remedy the defect in a reasonable time after it had notice of the trouble.  *   *   *   The sum recovered herein by plaintiffs must stand as a credit on their debt and interest."

Upon a return of the case, and at the March term 1908 of the Powell circuit court, Hardwick and Fuller filed a supplemental petition in which they stated that the company had, after the institution of the original action,

placed their telephone lines in good repair and had proceeded to and did collect all the rents and tolls that had accrued on the lines since the institution of that action, which amounted to something like the sum of one thousand dollars; and that it refused to turn this money over to them, or to apply it to the payment of their debt. The company admitted that it had collected $454.90, and on March 26, 1908, a judgment was rendered in favor of Hardwick and Fuller for this amount, and the cause was referred to the commissioner to ascertain and report the amount lost by reason of the company permitting its lines and telephones to remain out of repair; and the amount that should have been earned. At the June term, 1908, the commissioner reported that the amount that had been or should have been collected by the company was $968.65. Thereupon Hardwick and Fuller filed a supplemental petition, seeking to recover the full amount of their debt, and to enforce the lien against the lines as provided in the contract, which stipulated that:

"It is understood that the line built with all its equipment is to belong to first party (telephone company) absolutely, second party (Hardwick and Fuller) owning nothing in same; unless, however, they should fail upon demand, or within a reasonable time after demand, to deliver to said Hardwick and Fuller said receipts for said payment of rents and tolls as above named; in which event they may have a prior lien and may assert said lien in any court in Powell county upon that part of the telephone system built above the river towards Stanton."

Under the supplemental pleadings filed, and after receiving the report of the commissioner and hearing the evidence introduced, the court rendered a judgment against the company for the full amount of the debt, with interest thereon, to be credited by the amount paid. It was further adjudged that Hardwick and Fuller had by the terms of the contract a lien and it was ordered that the lien be enforced, and that the property upon which the lien existed be sold to satisfy the balance due on the debt.

The company complains of this judgment upon the ground that Hardwick and Fuller by the institution of their action waived the right to the receipts, and furthermore that by their failure to attempt to collect any of the rents or tolls they abandoned the clauses of the contract entitling them to relief, and that by their election

to sue for a breach of the contract and their refusal to collect the receipts they had elected to waive their lien upon the property.

There is no merit in any of these contentions. The substance of the agreement between the parties was that the company should keep its lines in good order, and that out of the receipts Hardwick and Fuller should be repaid the amount advanced by them; and that, upon the failure of the company to keep its lines in good order, or to deliver to Hardwick and Fuller the receipts, they should have a lien upon the property. As the company committed a breach of its contract in failing to keep its lines in good order, and in failing to turn over the receipts to Hardwick and Fuller, they had the right to bring a suit for the full amount of their debt, and enforce their lien upon the property. This relief the court granted, and the judgment is affirmed.